UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANINE A. GRODY,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-188

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

A.      **Procedural History**

Plaintiff filed for DIB and SSI asserting disability as of May 1, 2012. PageID 265-73. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, osteoarthritis, early rheumatoid arthritis, spinal disorders, anxiety, and depression. PageID 73.

After initial denial of her applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Mark Hockensmith on April 13, 2015. PageID 88-128. The ALJ issued a written decision on April 27, 2015 finding the Plaintiff not disabled. PageID 71-82. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 76-81.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.      **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 73-81), Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), and Plaintiff's reply (doc. 9). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly assessing: (1) the opinion of her treating family physician Heidi Yount, M.D.; (2) the opinions of mental health examiners Alan R. Boerger, Ph.D. and Gilbert W. Butler, Psy.D.; and (3) her credibility. Finding merit to Plaintiff's first alleged error, the undersigned does not address the merits of the Plaintiff's remaining contentions.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Yount began treating Plaintiff in March 2012. *See* PageID 827. On October 29, 2014, Dr. Yount offered two opinions concerning Plaintiff's work related limitations: one opinion addressing Plaintiff's physical limitations, such as her ability to lift, stand, walk and sit; and a second opinion more specifically addressing the combined effects of her physical and mental impairments, such as Plaintiff's ability to maintain concentration, persistence and pace in the work setting. PageID 827-40. On appeal, Plaintiff primarily challenges the ALJ's assessment of the latter. *See* doc. 7 at PageID 872-77. Accordingly, the undersigned limits the Court's review and analysis to such opinions as well.

Dr. Yount found that Plaintiff was moderately impaired with regard to her activities of daily living; her ability to maintain social functioning; and her ability to maintain concentration, persistence, and pace in the work setting. PageID 835. More specifically, Dr. Yount concluded that Plaintiff was unable to withstand the pressure of meeting normal standards of work productivity and work accuracy without significant risk of decompensation or worsening of her

impairments; maintain concentration and attention for two hour segments; and perform at a consistent pace without unreasonable numbers and lengths of rest periods. PageID 830-33.

The ALJ gave "great weight" to Dr. Yount's opinion "[e]xcept for a slight change" concerning Plaintiff's ability to engage in social functioning and complete a normal workday without interruption from her symptoms. PageID 80. While the ALJ agreed with Dr. Yount that Plaintiff had "moderate difficulties" "[w]ith regard to concentration, persistence [and] pace" (PageID 74), he nevertheless failed to include or discuss the apparent rejection of Dr. Yount's conclusion that Plaintiff could not maintain concentration or attention for two hour segments. PageID 80. According to vocational expert ("VE") Teresa Treng, who testified at Plaintiff's administrative hearing, an individual who cannot maintain concentration and attention for two hour segments is unemployable. PageID 126.

The Court finds reversible error with regard to the ALJ's failure to explain the omission of such disabling limitation from Plaintiff's RFC. An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably. *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-CV-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating that, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the

RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, proof of disability is overwhelming and remand would result in the presentation of cumulative evidence and serve no purpose other than delay. As determined by the ALJ, Dr. Yount's opinion is entitled to "great weight." PageID 80. Part of Dr. Yount's opinion is that Plaintiff is unable to maintain concentration and attention for two hour segments (PageID 832), a limitation that would preclude her from "fulltime work at any exertional level[.]" PageID 126. All mental health medical source opinions of record agree that Plaintiff is, at the least, moderately limited in her ability to maintain concentration, persistence or pace in the work setting. PageID 744 (wherein examining clinical psychologist Dr. Butler found Plaintiff

markedly limited in the ability to "maintain attention and concentration for extended periods"); PageID 832, 835 (wherein Dr. Yount found Plaintiff moderately limited in her ability to maintain concentration, persistence or pace and unable to maintain concentration and attention for two hour segments); PageID 519 (wherein examining psychologist Dr. Boerger noted Plaintiff's "problems with . . . concentration in activities such as filling out paperwork," and further noting Plaintiff's "4 errors in performing Serial 7's"), Based on the foregoing, the record overwhelmingly demonstrates Plaintiff's disability. Therefore, this case should be remanded for an immediate award of benefits.

**V.**

It is therefore **RECOMMENDED** that: (1) the ALJ's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **TERMINATED** on the Court's docket.


Date:   August 1, 2017                               s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).